CELINA BECHARD

*vs.*

WATERVILLE, FAIRFIELD AND OAKLAND RAILWAY.

FRANK BECHARD *vs.* SAME.

Kennebec.    Opinion February 12, 1923.

*Contributory negligence of the plaintiff as shown by her testimony precludes recovery of damages.*

In the instant case the evidence shows that the plaintiff (Mrs. Bechard) seeing a trolley car approaching her, about as fast as an ordinary walk, fully realizing that if it moved faster it would overtake her, assumed that it would maintain its slow speed, and acting upon that assumption stopped to close and latch a heavy gate, walked diagonally to the crossing and stepped upon the track directly in front of the on-coming trolley car without once glancing back to see if its speed had quickened. This is a typical case of contributory negligence which prevents the plaintiffs from recovering damages.

On general motion for new trial. The first action, that by Celina Bechard, was brought to recover damages for personal injuries resulting from being struck by a trolley car of defendant on February 2, 1921, as she was crossing Water street in Waterville. The second action, that by Frank Bechard husband of Celina Bechard, was brought to recover for loss of services of wife and expenses resulting from her injury. The two cases were tried together and the jury

rendered a verdict of $2,500 for plaintiff in the first case, and a verdict of $500 for plaintiff in the second case, and the defendant filed a general motion in each case for a new trial. Motions sustained. New trial granted.

The case is fully stated in the opinion.

*Mark J. Bartlett and A. A. Matthieu*, for plaintiff.

*Perkins & Weeks*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. On February 22, 1921, near the Lockwood Mills at Waterville the female plaintiff was run down and injured by the defendant's trolley car. The plaintiff in each case recovered a verdict.

The jury must have found the defendant's motor man negligent. It is unnecessary to analyze the testimony to determine whether or not such finding is justified, for contributory negligence on the part of Mrs. Bechard is clearly and manifestly shown.

Considering only the testimony most favorable to the plaintiffs it appears that Mrs. Bechard leaving the mill where she had employment, and coming to the fence bordering the mill yard opened a large gate used for teams as well as pedestrians. She then saw the defendant's trolley car on its track which is near, and substantially parallel with, the fence. When she saw the car it was approaching her at a distance of a little more than four hundred feet. Then giving no further attention to the coming car, not looking toward it again until the accident had occurred, she closed and latched the gate and walked diagonally apparently with her back to the approaching car, some twenty to thirty feet to and upon the crossing where the car struck her.

The only excuse offered by either the plaintiff or her counsel is that when she saw the car it was moving slowly "like an ordinary walk." In answer to cross-examination she said:

Q. "And if the car moved faster than it did when you first saw it you knew that you would not have time to cross didn't you?"

A. "Yes sir."

Counsel for the plaintiffs in their brief say:—"And from the rate of its movement she saw that she had ample time to cross before it would reach her."

Thus the plaintiff (Mrs. Bechard) seeing a trolley car approaching her about as fast as an ordinary walk, realizing that if it moved faster it would overtake her, assumed that it would maintain its slow speed, and acting upon that assumption stopped to close and latch a heavy gate, walked to the crossing, and stepped upon the track directly in front of the on-coming trolley car without once glancing back to see if its speed had quickened. This is a typical case of contributory negligence.

If the car had been due to stop before reaching the crossing the verdict would probably be sustained. *Verrill* v. *Electric Co.*, 116 Maine, 519. But while there was a white pole near the crossing it indicated a stop only on signal. This the plaintiff says that she knew and she also apparently knew that no signal had been given.

The authorities cited by the plaintiff bear but a remote analogy to the instant case.

In *Verrill* v. *Electric Co.*, supra, the defendant's trolley car negligently running by a platform, where it was its duty to stop, struck, with its overhang, the plaintiff, who was waiting to board it.

In *Marden* v. *Railway*, 100 Maine, 41, the plaintiff looked and seeing no approaching car attempted immediately to drive across the track.

In the present case the plaintiff entered upon a crossing knowing that an approaching trolley car, not due to stop, was so near that if it ran at an ordinary rate of speed she could not cross in safety.

The "last clear chance" rule does not apply in this case because the plaintiff's negligence was "progressive and actively continued up to the point of the collision." *Moran* v. *Smith*, 114 Maine, 57. *Butler* v. *Railway*, 99 Maine, 160.

The case of Frank Bechard depends upon and must abide the result of his wife's suit.

In each case the entry must be,

*Motion sustained.*
*New trial granted.*